Filed 6/20/23  P. v. Leyba CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092129 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F06425) |
| v. | OPINION ON TRANSFER |
| IGNACIO LEYBA, | |
| Defendant and Appellant. | |

Defendant Ignacio Leyba appeals from the denial of his postconviction petition for relief under Penal Code section 1172.6.[1]  Counsel for defendant filed a brief seeking our independent review under *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  Defendant also filed a supplemental brief in propria persona.  We will affirm.

---

[1]    Undesignated statutory references are to the Penal Code.

Defendant filed his petition under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 with no change in the text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute by its current number.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2010, during a late night party in the backyard of a residence, defendant took offense at an inquiry from victim Oquitzin Bravo, punched and then shot and killed him, and also shot and wounded his friend, victim J.L. A jury found defendant guilty of second degree murder (§ 187, subd. (a)), attempted premeditated murder (§§ 664, 187, subd. (a)), and being a felon in possession of a firearm. (Former § 12021, subd. (a)(1).) The jury found true allegations of personal use of a firearm resulting in death or great bodily injury. (§ 12022.53, subd. (d).) The trial court imposed an indeterminate term of 72 years to life on the shooting counts and a concurrent term for the firearm possession. We affirmed the judgment. (*People v. Leyba* (July 18, 2012, C068671) [nonpub. opn.].)

In January 2019, defendant filed a form petition for resentencing under section 1172.6, checking boxes declaring that: a complaint, information or indictment was filed against him that allowed the prosecution to proceed under a felony-murder theory or under the natural and probable consequences doctrine; he was convicted of first or second degree murder under the felony-murder rule or natural and probable consequences doctrine; and he could not now be convicted of first or second degree murder because of the changes to sections 188 and 189. Defendant also checked a box declaring that he was convicted of second degree murder under the natural and probable consequences doctrine or second degree felony murder and could not now be convicted after the changes to section 188. The trial court appointed the public defender to represent defendant.

The People filed a response to the petition arguing that the petition should be dismissed because (1) Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019), which enacted section 1172.6, is unconstitutional, and (2) defendant was the actual killer and therefore not eligible for relief.

After granting three requests by defendant for an extension of time to file a reply brief, the trial court denied the fourth.

On May 8, 2020, the trial court denied defendant's petition. The court stated that it had read and considered the parties' briefs, the probation report, the jury instructions, and our unpublished opinion. The trial court noted that it had presided over the trial and was familiar with the facts. Defendant was charged with an "open" murder count, but the prosecution in closing abandoned a first degree murder theory and urged the jury to find defendant guilty of second degree murder. The trial court concluded the prosecution did not rely on the felony-murder or natural and probable consequences doctrine, so therefore section 1172.6 was inapplicable to defendant.

Defendant filed a timely appeal.

We appointed counsel to represent defendant on appeal. Counsel filed a brief under *Wende* requesting that we independently review the entire record on appeal and stated that defendant had been advised by counsel of the right to file a supplemental brief to raise any issues defendant believed deserved review.

We dismissed the appeal as abandoned. The California Supreme Court granted defendant's petition for review and deferred the matter pending its decision in *People v. Delgadillo*, review granted February 17, 2021, S266305. When the court issued *People v. Delgadillo* (2022) 14 Cal.5th 216, the Supreme Court transferred the case back to this court, directing us to vacate our order dismissing the appeal and to reconsider whether to exercise our discretion to conduct an independent review or provide any other relief under *Delgadillo*. We vacated our order dismissing the appeal and reinstated the appeal.

We informed defendant by letter that appellate counsel had filed a no-issue brief under *Wende*. However, because this case arose from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or independent review of the record. We notified defendant that under *Delgadillo*, he had 30 days in which to file a supplemental brief or letter raising any issue he wished us to consider and that, if we did not receive a supplemental letter or brief, we may dismiss the appeal as abandoned.

3

Defendant filed a supplemental brief, requesting that this court "independently review the entire record on appeal" under *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705].

## DISCUSSION

Although defendant filed a supplemental "brief" in this appeal, that document does not raise any arguments for reversal. Instead, it merely reiterates counsel's request for independent review. Under *Delgadillo*, we will "evaluate the specific arguments presented in [defendant's supplemental] brief," but will not undertake an "independent review of the entire record to identify unraised issues." (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.) Defendant's supplemental brief has not presented us with any argument to address. He is not entitled to independent review simply because he has requested it in a supplemental filing. Further, defendant's reference to *Chapman*, which states the federal test for harmless error beyond a reasonable doubt for errors of a constitutional dimension (*Chapman, supra*, 386 U.S. at p. 24), has no effect or application where, as here, the defendant has not identified any error in the first instance.

## DISPOSITION

The order denying defendant's petition for resentencing under section 1172.6 is affirmed.

           KRAUSE          , J.


We concur:


      ROBIE         , Acting P. J.



      EARL         , J.